**PUBLIC VERSION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § | **C.A. NO. 6:20-cv-00487-ADA** |
| | § | **C.A. NO. 6:20-cv-00488-ADA** |
| | § | **C.A. NO. 6:20-cv-00489-ADA** |
| | § | **C.A. NO. 6:20-cv-00490-ADA** |
| *Plaintiff*, | § | **C.A. NO. 6:20-cv-00491-ADA** |
| | § | **C.A. NO. 6:20-cv-00492-ADA** |
| **v.** | § | **C.A. NO. 6:20-cv-00493-ADA** |
| | § | **C.A. NO. 6:20-cv-00494-ADA** |
| **ZTE CORPORATION, ZTE (USA) INC. AND ZTE (TX), INC.,** | § | **C.A. NO. 6:20-cv-00495-ADA** |
| | § | **C.A. NO. 6:20-cv-00496-ADA** |
| *Defendants.* | § | **C.A. NO. 6:20-cv-00497-ADA** |
| | § | |
| | § | ███████████ |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF PARTIAL ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE (DKT. 105)**

**PUBLIC VERSION**

███████████████

## Table of Contents

I. Venue is Improper Here For ZTE USA, So it is Improper For *All* Defendants and *All* Defendants Should be Dismissed..................................................................................2

    A. When Indispensable Parties are Involved, Fifth and Federal Circuit Precedent Dictates that Venue for All Defendants Rise and Fall Together............3

    B. WSOU's Reliance on ZTE USA in its Final Infringement Contentions Renders ZTE USA an Indispensable Party to these Actions...................................5

II. Proceeding with Just ZTE Corp. is Untenable because ZTE Corp. is Removed from Alleged Infringing Activity in the United States ........................................................6

III. WSOU Waived Opposition to ZTE Corp.'s Dismissal ....................................................8

IV. Alternatively, these Actions Should Be Transferred to the NDTX...................................8

V. Conclusion .......................................................................................................................9

**PUBLIC VERSION**

███████████████████

The sole remaining Defendant, ZTE Corporation, moves for reconsideration of the partial Order Granting Defendants' Motion to Dismiss (Dkt. 105)[1] and requests that *all* defendants, including the sole remaining ZTE Corporation, be dismissed.

On August 6, 2021, the Court granted Defendants' Motion to Dismiss for Improper Venue (Dkt. 47), finding venue was improper for all three Defendants—ZTE (USA) Inc. ("ZTE USA"), ZTE (TX), Inc. ("ZTE TX"), and ZTE Corporation ("ZTE Corp.") (collectively "ZTE"). In the original order, the Court found that WSOU had failed to argue that venue was proper for ZTE Corp. under 28 U.S.C. § 1391, and therefore since WSOU was unable to show that venue is proper for ZTE Corp. under the applicable venue statute, the Court found that venue was improper for ZTE Corp. On August 9, 2021, however, the Court issued a revised Order dismissing just ZTE USA and ZTE TX—but not dismissing ZTE Corp. Dkt. 105.

For the reasons detailed below, ZTE Corp. requests reconsideration of the August 9th order. By dismissing only ZTE USA and ZTE TX (and not ZTE Corp.), the Court effectively severed those parties from these actions. This styled severance, however, is not appropriate under Fifth and Federal Circuit law because WSOU's ultimate claims of infringement rely on ZTE USA. Indeed, WSOU has made clear by its own hand that its infringement theories hinge on ZTE USA, and ZTE USA's alleged activity is the basis for WSOU's *final* claims of infringement. *See* WSOU's Final Infringement Contentions as served on July 17, 2021.[2] WSOU's ultimate claim

---

[1] Citations are to case nos. -00487 through -00497; specific cites reference to docket for case no. -00487.

[2] ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████.

**PUBLIC VERSION**

█████████████

against and reliance on ZTE USA's alleged acts of infringement renders ZTE USA indispensable to this case, and desirable, if not necessary, party to these cases. As discussed in more detail below, Fifth and Federal Circuit law suggests that venue propriety—or rather misvenue—for *all* defendants rise and fall together, and it would be an inequitable and inefficient waste of party and judicial resources for these cases to proceed in this district without ZTE USA.

Moreover, because WSOU strongly opposed transfer[3] the only appropriate remedy for curing misvenue of ZTE USA (an indispensable party) is to dismiss these cases for *all* ZTE defendants so WSOU may refile in the appropriate venue with the appropriate parties. *See* Fed. R. Civ. P. 19(b). Alternatively, in the interest of judicial economy, and in order to prevent two separate cases litigating these matters, the Court has the discretion under 28 U.S.C. §§1406 and 1412 to transfer these cases for ZTE Corp. to the NDTX.

## I.    Venue is Improper Here For ZTE USA, So it is Improper For *All* Defendants and *All* Defendants Should be Dismissed

By WSOU's own account, ZTE USA is an indispensable party to its infringement theories, and thus it would be inequitable and inefficient to continue these actions in *any* district without ZTE USA. As such, the issue before this Court is whether the misvenue of alleged indispensable party ZTE USA under §1400 affects proceeding in this venue for ZTE Corp.—not whether the propriety of venue over ZTE Corp. under §1391 means that, in a vacuum, that this Court can proceed over ZTE. Corp. alone. Given WSOU's adamant opposition to transfer (*see supra* fn. 3), and given WSOU's reliance on ZTE USA for its infringement theories, the misvenue over ZTE USA taints venue over ZTE Corp., and dismissal for *all* defendants is proper here (so plaintiff may

---

[3] *See* Dkt. 41 (WSOU refusing to provide explicit non-opposition to Motion to Transfer filing extension; *see also* December 11, 2020 order striking in part Dkt. 47 Motion to Transfer; *see also* Dkt. 85, fn. 1 (WSOU refusing to address transfer under §§1404(a) and 1406)).

**PUBLIC VERSION**

appropriately refile with proper venue for all).

### A.    When Indispensable Parties are Involved, Fifth and Federal Circuit Precedent Dictates that Venue for All Defendants Rise and Fall Together

Dismissal of ZTE USA, and not ZTE Corp., severs indispensable ZTE USA from these matters—effectively forcing litigation in two separate forums (either by WSOU refiling against ZTE USA in a proper forum to make a colorable infringement case, or by ZTE USA filing a declaratory judgment to establish its rights). Venue must be determined as to each defendant *separately*, and must be proper *for all defendants*. *See Magnacoustics, Inc. v. Resonance Tech. Co.*, 132 F.3d (Fed. Cir. 1997); s*ee AGIS v. ZTE Corp. et al.*, No. 2:17-CV-00517-JRG, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018). And, a court "should *not sever* [a case] if . . . that partial transfer would require the same issue to be litigated in two cases." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014); *see also Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 396 (5th Cir. 1971) ("it is settled that failure of the district court to acquire jurisdiction over indispensable parties to an action deprives 'the court of jurisdiction to proceed in the matter and render a judgment'") (internal citations omitted); Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or *should be dismissed*") (emphasis added). Thus, when faced with separating an indispensable party from other defendants, venue rises and falls for all defendants together.

In *Magnacoustics*, the Federal Circuit held that it is "firmly established by judicial decisions, in an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant." *Magnacoustics*, 132 F.3d 49 (Fed. Cir. 1997). Although the Federal Circuit ruling overturned a district court §1404 transfer order, the main findings of *Magnacoustics* pertain to whether venue is proper for all defendants under the patent venue statute, §1400. The

**PUBLIC VERSION**
███████████

Federal Circuit reversed the respective district court's transfer ruling under §1404 because venue was not proper in the transferred district under §1400—several defendants were not residents nor had regular and established places of business in the transferred district. *Id*. In reversing, the Federal Circuit ruled that "venue requirements must be met as to each defendant," and the presence of improper defendants tainted the venue analysis for all defendants. *Id*.

In a sister district, the Eastern District of Texas, Judge Gilstrap applied this holding from *Magnacoustics* to facts similar to those here. For instance, in *AGIS*, in another case involving ZTE,[4] Judge Gilstrap only analyzed venue for ZTE USA, and found that venue was improper for ZTE USA. *AGIS*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018). The court's analysis stopped there, concluding that "[h]aving found venue improper as to [ZTE USA], ***the Court need not consider the propriety of venue as to [ZTE TX].***" *Id*. (emphasis added). Judge Gilstrap further supported this finding by stating that "in order for a district to be one in which an action may be brought, both venue and jurisdiction must be proper there as to all defendants." *Id*. (internal citations omitted). Then, under §1406, the court recognized that the only remaining issue for all defendants, was "whether ***dismissal or transfer*** best serve[d] the 'interests of justice.'" *Id*. (emphasis added). Notably, Judge Gilstrap ultimately transferred the *AGIS* case to the Northern District of California because plaintiff did not propose an alternative district.

Dismissal of **all** defendants or transfer of **all** defendants—***not severance***—were the only options in *AGIS* to cure misvenue over just one defendant. The venue for all rose and fell together. Although not explicitly stated, Judge Gilstrap in *AGIS* implicitly recognized that ZTE USA was likely an indispensable party for plaintiff's infringement theories (like herein), and thus, severance was not an appropriate remedy to cure the misvenue. *See AGIS*, 2018 WL 4854023, fn.

---

[4] Yet again, this is another case involving the misvenue of ZTE USA, ZTE TX, and ZTE Corp.

**PUBLIC VERSION**

6 (E.D. Tex. Sept. 28, 2018) (Judge Gilstrap concluding that "severance of ZTE is inappropriate in this situation, as doing so would require the same case to be litigated twice in two different forums"). Dismissal or transfer of all defendants likewise should be the only options here—and WSOU vigorously opposes transfer (leaving just dismissal).

### B. WSOU's Reliance on ZTE USA in its Final Infringement Contentions Renders ZTE USA an Indispensable Party to these Actions

Dismissal of all defendants, leaving WSOU to refile in a proper forum for all, comports with notions of equity. By WSOU's own hand, it *requires* ZTE USA for its claims. WSOU's infringement theory relies on alleged activities by ZTE USA—thus making it an indispensable party to WSOU's claims. For example, WSOU's infringement theory hinges on its allegations that ZTE USA imports the accused products and/or provides software for the accused products in the United States. *See* Ex. A, WSOU's Final Infringement Contentions as served on July 16; 2021; *see also supra* fn. 2. The Court should dismiss these cases because it cannot carry on in "equity and good conscience" without ZTE USA. Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed").

WSOU's reliance on ZTE USA for its alleged infringement theories renders ZTE USA an indispensable party to these actions, and continuing in any district *without* ZTE USA is not equitable for *either* party, and wastes judicial resources. First, WSOU relies on ZTE USA for its claims of infringement—in particular that ZTE USA allegedly imports the accused products and/or provides software for the accused products in the United States. Litigating these matters without ZTE USA deprives WSOU of making a colorable case for infringement. Second, this also deprives ZTE USA of making a colorable case of defense against already-lobbed allegations of infringement (in the *Final* Infringement Contentions no less), leaving ZTE USA in limbo. Thus,

**PUBLIC VERSION**

proceeding in a forum without ZTE USA is inequitable for both parties, and not judicially efficient due to the likelihood of multiple parallel litigations.

In the interests of judicial economy and good conscience, these cases cannot equitably proceed without ZTE USA. ZTE USA was inserted into the Final Infringement theories—by WSOU—and is entitled to defending itself. These cases, however, cannot proceed with ZTE USA in the WDTX, thus severance of ZTE USA is not an appropriate remedy for this misvenue. And, WSOU strongly opposes transfer of any kind, thus dismissal is the proper remedy because ***venue rises and falls for all defendants***.

## II.   Proceeding with Just ZTE Corp. is Untenable because ZTE Corp. is Removed from Alleged Infringing Activity in the United States

It is not practical to proceed in any district with just ZTE Corp. because the record is clear that ZTE Corp. is untethered from these allegations of infringing activity in the United States. Any ties between ZTE Corp. and the United States are nearly non-existent—and further yet, ZTE Corp. is too far removed from any alleged activities of infringement in the United States. To proceed solely against ZTE Corp. would be a legal and factual nullity.

ZTE is divided into separate and distinct entities—a foreign entity for foreign business (ZTE Corp.) and a domestic entity for U.S. business (ZTE USA)—and ZTE USA is the appropriate entity for WSOU's allegations. For instance, "ZTE Corp. does not do business in the United States and does not pay any sales, property, or other taxes in the United States." Dkt. 26, Ex. 1, Kuang Decl. ¶5. Nor does it "make, use, sell, offer for sale, or import in the United States, any products or services (whether for end use, distribution, third-party demonstrations, qualification testing, or any other commercial purposes . . .)." *Id*., ¶6. In contrast, ZTE USA is the domestic entity conducting business in the U.S. Dkt. 47, Wood Decl. ¶6. In fact, as addressed above, WSOU's

**PUBLIC VERSION**

own allegations confirm by relying on ZTE USA for the importation factor. To put it simply, ZTE Corp. is not the U.S. business arm of ZTE—ZTE USA is.

Additionally, ZTE maintains corporate distinctiveness such that recovering damages from ZTE Corp. based on alleged ZTE USA activity is impossible—and given the dismissal of ZTE USA, any attempt to do so would be improper. For instance, if this case proceeds, WSOU would seek to hold non-parties (i.e. ZTE USA) liable for alleged activity in the U.S., and this is improper, especially given the dismissal of ZTE USA for misvenue. *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 WL 2437073, at *2 (N.D. Cal. June 11, 2019) (refusing to hold party liable for non-parties because plaintiff failed to show "pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business-from broad policy decisions to routine matters of day-to-day operation"); *see also Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001) (finding that the foreign entity cannot be held jointly and severally liable for infringement because its alleged infringing activity occurred outside the U.S.). And, having already failed to keep ZTE USA in the case as part of the venue proceedings—WSOU has lost its ability to seek redress as to ZTE USA. Any attempt to collect damages from ZTE Corp. (if any awarded) based on alleged ZTE USA activity would thus be improper, so these cases cannot proceed solely with ZTE Corp. nor without ZTE USA. Indeed, if WSOU were allowed to seek redress against ZTE USA in this District, indirectly via ZTE Corp., after ZTE USA has been dismissed from the case due to misvenue (over the strong objections of WSOU), then this Court's ruling dismissing ZTE USA, would be a nullity, rendering the Court's Order as to ZTE USA as meaningless and factually and legally inert.

PUBLIC VERSION

███████████████

### III.     WSOU Waived Opposition to ZTE Corp.'s Dismissal

Rather than present arguments in opposition to *Magnacoustics* and *AGIS*—and a finding that, to ensure equitable relief, all defendants should be dismissed together—WSOU tactically ignored the issue. *See* Dkt. 85 (no briefing of *Magnacoustics* and *AGIS*). In fact, all of WSOU's briefing for "ZTE" with respect to §1391 was *explicitly* limited to ZTE USA and ZTE TX—WSOU did not even present argument or reasoning why ZTE Corp. would be maintained in the case. *See* Dkt. 85, p. 19 (identifying ZTE USA and ZTE TX "collectively 'ZTE'"). The only instances WSOU referenced ZTE Corp. were (1) on the title page, Dkt 85, and (2) with respect to venue discovery disputes, Dkt. 85, p. 7. In short, WSOU failed to oppose the notion that, under *Magnacoustics* and *AGIS*, venue rises and falls together for all defendants—thus, WSOU waived any opposition.  For this additional reason, the case as to ZTE Corp. should also be dismissed.

### IV.     Alternatively, these Actions Should Be Transferred to the NDTX

In the alternative, if the Court does not dismiss the sole remaining defendant (ZTE Corp.) so that the Plaintiff here (WSOU) may refile in an appropriate venue, then alternatively, the Court should transfer these actions under §1406 to the NDTX so that plaintiff may include ZTE USA. Venue is proper for all defendants in NDTX. The Court has the discretion, in the "interests of justice," to either dismiss or transfer these cases. 28 U.S.C. §§1406 and 1412; *see also* Fed. R. Civ. P. 19(b). And, a transfer is "also appropriate where the plaintiff is certain to 'almost immediately' refile the action in the proper venue." *AGIS*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018).

Without a dismissal of ZTE Corp. (as addressed above), or without transfer of these cases, then it is likely that two separate judicial districts will litigate these patents—one with ZTE Corp. and one with ZTE USA. Two cases will unnecessarily draw double the judicial resources. *See* *AGIS*, 2018 WL 4854023, fn. 6 (E.D. Tex. Sept. 28, 2018) (Judge Gilstrap concluding that severance of ZTE entities "would require the same case to be litigated twice in two different

**PUBLIC VERSION**

███████████████████

forums"). Given the current situation, two cases are inevitable—without dismissal or transfer—because it is highly likely that either (A) WSOU will refile against ZTE USA in another forum, and/or (B) ZTE USA will file a declaratory judgment action in another forum. For instance, ████ ██████████████████████████████████████, ZTE USA is a "desirable, if not necessary, party," and the first-to-file rule likely will not apply in the event ZTE USA files a declaratory judgment. *Nexon America Inc. v. Uniloc 2017 LLC*, 2020 WL 3035647, *4 (D. Del. 2020) (refusing to apply the first-to-file rule because one district did not have "venue over Nexon America and Nexon America is a desirable, if not necessary, party to that case"). Thus, one of these parties are likely to continue these actions with ZTE USA, in a different forum, rendering the cases here in the WDTX as a judicial drain.

This Court has the full discretion, under 28 U.S.C. §§1406 and 1412, to transfer these cases involving ZTE Corp. to the NDTX for judicial economy. Of note, WSOU vehemently opposes transfer, *see supra* fn. 2, such that dismissal is the only appropriate remedy, as discussed above. But. this Court also has the discretion to dismiss or to transfer. Thus, in the alternative, the Court may still yet transfer these cases with the sole remaining defendant, ZTE Corp., to a proper venue.

## V.     Conclusion

WSOU turned ZTE USA into an alleged indispensable party—thus, the misvenue of ZTE USA and ZTE Corp. rise and fall together. These two defendants should not be separated because the interests of judicial economy, and equitable good conscience, dictate that they remain together. Together in dismissal or together in transfer—WSOU strongly opposes transfer, thus dismissal *for all defendants* is the only appropriate remedy for the misvenue of ZTE USA in these cases. And WSOU waived any opposition to the argument that misvenue of ZTE USA and ZTE Corp. rise and fall together. Thus, ZTE Corp. requests reconsideration and its dismissal from these actions in the WDTX, so WSOU may refile where venue is proper for ZTE Corp. *and* ZTE USA.

**PUBLIC VERSION**

███████████████████

DATED:  August 16, 2021

Respectfully submitted,

*/s/Lionel M. Lavenue*

Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:      (202) 408-4400

Attorney for Defendant,
ZTE Corporation

**PUBLIC VERSION**

███████████████

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and electronic mail on August 16, 2021.

*/s/Lionel M. Lavenue*

Lionel M. Lavenue
