HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | **Case No.: 6:20-cv-00487-ADA** |
| | **Case No.: 6:20-cv-00488-ADA** |
| *Plaintiff,* | **Case No.: 6:20-cv-00489-ADA** |
| | **Case No.: 6:20-cv-00490-ADA** |
| **v.** | **Case No.: 6:20-cv-00491-ADA** |
| | **Case No.: 6:20-cv-00492-ADA** |
| **ZTE CORPORATION,** | **Case No.: 6:20-cv-00493-ADA** |
| | **Case No.: 6:20-cv-00494-ADA** |
| *Defendant.* | **Case No.: 6:20-cv-00495-ADA** |
| | **Case No.: 6:20-cv-00496-ADA** |
| | **Case No.: 6:20-cv-00497-ADA** |

**JURY TRIAL DEMANDED**



**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................. 1

II.   FACTUAL BACKGROUND ................................................... 5

    A.   Brazos Is The Rightful Owner Of The '960, '905, '060, '036, '534, '839, '929, '240, '071, '232 And '505 Patents ............................................. 5

    B.   ███████████████████████████████████████. 6

    C.   ███████████████████████████████████████. 8

    D.   ███████████████████████████████████████.. 10

    E.   ZTE Waited Two Years Before (1) Claiming Lack Of Subject Matter Jurisdiction (Not As A Matter Of Law But As A Matter Of Fact) Based On Purportedly Insufficient Assignment Records That Have Been Publicly Available For Many Years; And (2) Moving To Dismiss These Cases Due To Brazos's Purported Lack Of Past Damages Rights ....................................... 11

III.  ARGUMENT ...................................................................... 12

    A.   The Court Has Subject Matter Jurisdiction Because The Cases Against ZTE Were Filed Under The Patent Act And Brazos Properly Alleged Ownership And Right To Recover All Damages, Including Past Damages........ 12

    B.   ZTE's 12(b)(1) Motion, Seeking To Dismiss The Cases For Lack Of Subject Matter Jurisdiction But Failing To Argue That Brazos's Complaint Allegations Are Insufficient As A Matter Of Law, Is Procedurally Defective............................................................... 14

    C.   ███████████████████████████████████████15

        1.   ███████████████████████████████████████15

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

2.  ███████████████████████████████████ 20

D.  ███████████████████████████████████ 23

E.  ███████████████████████████████████. 25

F.  Brazos Is Not Withholding Any Discoverable Documents, And ZTE's Discovery Disputes Are Completely Irrelevant To This Motion And Have Been Repeatedly Denied By This Court ............................................................. 27

G.  Because The Court Warned That ZTE Would Be Sanctioned For Its Repeated Discovery Requests But ZTE Nevertheless Requested The Same Documents In The Baseless Motion, Brazos Is Entitled To All Attorney's Fees And Costs Incurred In Opposing The Motion ............................................. 29

IV.  CONCLUSION ................................................................................................ 30

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
  583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) ....................................22

*Beal Sav. Bank v. Sommer*,
  8 N.Y.3d 318 (1st Dep't 2007) .................................................................................16

*Born v. Schrenkeisen*,
  110 N.Y. 55 (N.Y. 1888) ..........................................................................................26

*Brazos Licensing and Development*,
  Case No. 3:21-cv-02128-E, Dkt. 50 (N.D. Tex.) .....................................................30

*BSC Assocs., LLC v. Leidos, Inc.*,
  91 F. Supp. 3d 319 (N.D.N.Y. 2015) ........................................................................24

*C.R. Daniels, Inc. v. Naztec Int'l Grp., LLC*,
  2012 WL 1268623 (D. Md. Apr. 13, 2012) ..............................................................18

*Cara Assocs., L.L.C. v. Milstein*,
  140 A.D.3d 657 (1st Dep't 2016) .............................................................................17

*Citibank, N.A. v. Tele/Res., Inc.*,
  724 F.2d 266 (2d Cir. 1983) .....................................................................................25

*Corhill Corp. v S.D. Plants, Inc.*,
  9 N.Y.2d 595 (N.Y. 1961) ........................................................................................17

*DDB Techs., LLC v. MLB Advanced Media, LP*,
  517 F.3d 1284 (Fed. Cir. 2008) ..........................................................................18, 22

*Fed. Ins. Co. v. Ams. Ins. Co.*,
  258 A.D.2d 39 (1st Dep't 1999) ...............................................................................20

*Flast v. Cohen*,
  392 U.S. 83 (N.Y. 1968) ...........................................................................................12

*Gellman v. Telular Corp.*,
  2010 WL 5173213 (E.D. Tex. Dec. 14, 2010) ..........................................................22

*Greenfield v. Philles Recs., Inc.*,
  98 N.Y.2d 562 (N.Y. 2002) ................................................................................16, 21

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

*Harris v. Uhlendorf*,
   24 N.Y.2d 463 (N.Y. 1969) ...............................................................................26

*Johnson v. Johnson*,
   385 F.3d 503 (5th Cir. 2004) ...........................................................................14

*Kenyon & Kenyon LLP v. Sightsound Techs., LLC*,
   No. 650795/2014, 2021 WL 1856980 (Sup. Ct. N.Y. Cty. May 10, 2021) ............19

*Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of N.Y.*,
   727 N.E.2d 563 (N.Y. 2000) .......................................................................16, 21

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ....................................................................................12, 13

*Lipper Holdings, LLC v. Trident Holdings, LLC*,
   1 A.D.3d 170 (1st Dep't 2003) ....................................................................17, 21

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ..............................................................2, 12, 13

*Muzak Corp. v. Hotel Taft Corp.*,
   1 N.Y.2d 42 (N.Y. 1956) .............................................................................17, 22

*N. Telecom Ltd. v. Samsung Elecs. Co., Ltd.*,
   215 F.3d 1281 (Fed. Cir. 2000) .........................................................................15

*Nova Cas. v. Harleysville Worchester Ins. Co.*,
   146 A.D.3d 428 (1st Dep't 2017) ................................................................17, 21

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ...........................................................................13

*Roc Nation LLC v. HCC Int'l Ins. Co., PLC*,
   523 F. Supp. 3d 539 (S.D.N.Y. 2021) ...............................................................26

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
   959 F.3d 1065 (Fed. Cir. 2020) ...............................................................2, 13, 14

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000) .....................................................................18, 22

*Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Sys.*,
   19 F.4th 1315 (Fed. Cir. 2021) .........................................................................13

*W.W.W. Assoc. v Giancontieri*,
   77 N.Y.2d 157 (N.Y. 1990) ..............................................................................16

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

*Matter of Westmoreland Coal Co. v Entech, Inc.*,
  100 N.Y.2d 352 (N.Y. 2003) ..................................................................................17

*Wheelabrator Techs. of N. Am., Inc. v. Fin. Sec. Assurance of Okla., Inc.*,
  No. 88 Civ. 7623 (LMM), 1990 WL 180552 (S.D.N.Y. Nov. 15, 1990) ..............................25

*Young v. Hosemann*,
  598 F.3d 184 (5th Cir. 2010) ..................................................................................14

**Statutes**

35 U.S.C. § 281 ..................................................................................13

35 U.S.C. § 285 ..................................................................................29

**Rules**

Fed. R. Civ. P. 56(c) ..................................................................................15

Fed. R. Civ. P. 12(b)(1) ..................................................................................1, 11, 13

Fed. R. Civ. P. 12(b)(6) ..................................................................................14, 15

Fed. R. Civ. P. 12(d) ..................................................................................15

Fed. R. Civ. P. 33(d) ..................................................................................27

Fed. R. Civ. P. 37(d) ..................................................................................27

Fed. R. Civ. P. 45 ..................................................................................30

Fed. R. Civ. P. 56 ..................................................................................15

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos") files this opposition to Defendant ZTE Corporation's ("ZTE") motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) ("Motion" or "Mot.").[1]

## I.   INTRODUCTION

ZTE's motion to dismiss these cases for lack of subject matter jurisdiction is baseless and makes zero sense. ████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████ ZTE plainly ignores Brazos's complaint allegations establishing subject matter jurisdiction as a matter of law and instead attacks the cases on the facts. But this is not a motion for summary judgment. And even if it is, ZTE squarely fails to show any undisputed issues of material fact.

The Court should see through ZTE's transparent attempt to delay Brazos's recovery and exhaust its resources by forcing it to respond to meritless arguments raised for the first time more than two years after the cases were filed and based on documents that have been publicly available for many years. The Motion should thus be denied for the following independent reasons:

First, the Court has subject matter jurisdiction over these cases. Brazos easily meets the low standard for establishing subject matter jurisdiction by alleging that: (i) this is a case or controversy under the Patent Act; (ii) Brazos was the patent owner when the cases were filed in June 2020; (iii) ZTE infringed Brazos's patents; (iv) Brazos has been damaged by ZTE's infringement; and (v) Brazos has the right to all causes of action and all damages related to the

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion. Unless otherwise noted, all emphasis in this opposition brief has been added.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

asserted patents.  Compl., ¶ 12.[2]  Because ZTE does not dispute that Brazos made those allegations, the inquiry ends here and the Motion should be denied.

ZTE misdirects the Court by challenging the sufficiency of the patent assignment to Brazos and Brazos's right to recover past damages.  But the Federal Circuit already rejected these very arguments.  Specifically, the Federal Circuit held that whether a plaintiff (like Brazos) was properly assigned the asserted patents or has exclusionary patent rights does not implicate subject matter jurisdiction.  *See Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020).  And the Federal Circuit similarly held that whether the assignee "possesses all substantial rights in a patent [like the right to past damages] does not implicate standing or subject-matter jurisdiction."  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019).

<u>Second</u>, because ZTE's argument that Brazos was not assigned the patents or related rights does not implicate subject matter jurisdiction, ZTE's Motion is procedurally defective and should be denied on this basis alone.

<u>Third</u>, if the Court is inclined to treat this Motion as one under 12(b)(6), ZTE still loses because the Court has to accept the complaint's well-pleaded facts as true and view them in the light most favorable to Brazos, and the record is clear that ███████████████████████████████ ████████████████████████████████████████████████████████████████.[3]

████████████████████████████████████████████

███████████████████████████████████████████████

---

[2] "Compl." refers to the sample Complaint in Case No.: 6:22-cv-00487-ADA, which is cited herein for illustrative purposes.

[3] "Ex. __" refers to the Exhibits to the Declaration of Jonathan K. Waldrop filed concurrently herewith.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**Sixth**, contrary to ZTE's assertion, Brazos is not withholding any discoverable documents, and ZTE's discovery requests are completely irrelevant to the Motion and have been ***repeatedly*** denied by the Court.

Finally, because the Court already stated that ZTE would be sanctioned for its repeated discovery requests but ZTE nevertheless requested the same documents in the baseless Motion,

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Brazos is entitled to seek all attorney's fees and costs incurred in opposing the Motion and responding to the same discovery requests that the Court repeatedly denied.

Accordingly, the Motion should be denied, and Brazos should be awarded attorney's fees and costs incurred in opposing the Motion.

## II.  FACTUAL BACKGROUND

### A.  Brazos Is The Rightful Owner Of The '960, '905, '060, '036, '534, '839, '929, '240, '071, '232 And '505 Patents

Brazos is the owner of all rights, title and interest in the following U.S. patents asserted in eleven individual actions:  U.S. Patent Nos. (i) 8,179,960 ("the '960 Patent") in Case No.: 6:20-cv-00490-ADA; (ii) 8,730,905 ("the '905 Patent") in Case No.: 6:20-cv-00491-ADA; (iii) 9,294,060 ("the '060 Patent") in Case No.: 6:20-cv-00493-ADA; (iv) 9,185,036 ("the '036 Patent") in Case No.: 6:20-cv-00494-ADA; (v) 7,742,534 ("the '534 Patent") in Case No.: 6:20-cv-00496-ADA; (vi) 8,451,839 ("the '839 Patent") in Case No.: 6:20-cv-00487-ADA; (vii) 7,489,929 ("the '929 Patent") in Case No.: 6:20-cv-00488-ADA; (viii) 7,487,240 ("the '240 Patent") in Case No.: 6:20-cv-00489-ADA; (ix) 8,147,071 ("the '071 Patent") in Case No.: 6:20-cv-00492-ADA; (x) 9,258,232 ("the '232 Patent") in Case No.: 6:20-cv-00495-ADA; and (xi) 7,203,505 ("the '505 Patent") in Case No.: 6:20-cv-00497-ADA.

On June 3, 2020, Brazos filed the aforementioned cases against ZTE.  For more than two years ZTE actively litigated these cases and never challenged Brazos's standing despite the fact that the USPTO assignment records (on which ZTE now relies to claim purported defective assignments) have been publicly available long before the commencement of these cases.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**B.**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**C.**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**D.**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**E.     ZTE Waited Two Years Before (1) Claiming Lack Of Subject Matter Jurisdiction (Not As A Matter Of Law But As A Matter Of Fact) Based On Purportedly Insufficient Assignment Records That Have Been Publicly Available For Many Years; And (2) Moving To Dismiss These Cases Due To Brazos's Purported Lack Of Past Damages Rights**

On June 3, 2020, Brazos filed eleven separate actions against ZTE for infringing the '960, '905, '060, '036, '534, '839, '929, '240, '071, '232, '505 Patents, respectively. *See, e.g.*, Compl.

More than two years later, on July 25, 2022, ZTE filed a Rule 12(b)(1) motions for lack of subject matter jurisdiction seeking to dismiss the eleven actions – not as a matter of law but as a matter of fact – arguing for the first time that the assignment to Brazos was purportedly insufficient.  ZTE made this argument in bad faith



HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL



## III.   ARGUMENT

### A.   The Court Has Subject Matter Jurisdiction Because The Cases Against ZTE Were Filed Under The Patent Act And Brazos Properly Alleged Ownership And Right To Recover All Damages, Including Past Damages

There is no question that the Court has subject matter jurisdiction over these patent infringement cases. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (As long as a plaintiff alleges a case or controversy under the Patent Act, like Brazos here, the court has both statutory and constitutional authority to adjudicate the matter.); *Lone Star Silicon Innovations LLC v. Nanya Tech.Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (N.Y. 1968)) (The "fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court [like Brazos here], and not on the issues he wishes to have adjudicated.").

ZTE argues that Brazos lacks constitutional standing because it was not properly assigned the asserted patents and thus has no exclusionary or damages rights. Mot. at 10-15. ZTE is wrong. The "absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional power to adjudicate the case." *Lexmark*,

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

572 U.S. at 128 n.4 (2014).  And the binding law[5] is clear that the question of what rights were assigned to the patentee does not implicate Article III standing.

Indeed, both the Federal Circuit and the U.S. Supreme Court confirmed that ZTE's argument challenging the sufficiency of the assignment to Brazos does not implicate subject matter jurisdiction:

> In *Lone Star*, we made clear that whether one qualifies as a patentee under 35 U.S.C. § 281 is a statutory prerequisite to the right to relief in a patent infringement action, but does not implicate the district court's subject matter jurisdiction. There, we recognized that intervening Supreme Court precedent made clear that **our earlier decisions treating the prerequisites of the Patent Act as jurisdictional were wrong**. We expressly held that "[w]e therefore firmly bring ourselves into accord with *Lexmark* [*Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014)] and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star*, 925 F.3d at 1235–36. **As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter**. *Id.* at 1235 (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4,  134 S.Ct. 1377, 188 L.Ed.2d 392 (2014)). Because Ms. Schwendimann's Complaint contained such allegations—that she is the owner by assignment of the '845 patent and Appellants infringed that patent—there is no "standing" issue to be decided in this appeal.

*Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020). [6]

---

[5]  The Federal Circuit applies regional circuit law when reviewing a dismissal of a complaint for lack of standing unless the issue is unique to patent law and therefore exclusively assigned to the Federal Circuit.  *See Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Sys.*, 19 F.4th 1315, 1323-24 (Fed. Cir. 2021).

[6]  ZTE argues that Brazos has the burden to establish subject matter jurisdiction.  Mot. at 7-10. But ZTE does not dispute that, according to the Federal Circuit, to meet this low burden, Brazos only needs to allege that it is the patentee and that ZTE damaged Brazos by infringing the asserted patents (which Brazos undoubtedly did here).  And ZTE does not dispute that, once Brazos shows sufficient allegations per *Schwendimann*, the burden of proof then shifts to ZTE to clearly show that Brazos "cannot prove any set of facts in support of [its] claim that would entitle [it] to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Indeed, the binding law makes it clear that "[wh]en a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision," and that such "refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Here, just like the plaintiff in *Schwendimann*, Brazos established subject matter jurisdiction by alleging that: (i) this is a case or controversy under the Patent Act; (ii) Brazos was the patent owner when the cases were filed in June 2020; (iii) ZTE infringed Brazos's patents; (iv) Brazos has been damaged by ZTE's infringement; and (v) Brazos has the right to all causes of action and all damages related to the asserted patents.  Compl., ¶ 12.

ZTE does not dispute that Brazos made those allegations.  As such, the inquiry ends here, and the Motion should be denied.

**B.      ZTE's 12(b)(1) Motion, Seeking To Dismiss The Cases For Lack Of Subject Matter Jurisdiction But Failing To Argue That Brazos's Complaint Allegations Are Insufficient As A Matter Of Law, Is Procedurally Defective**

Because ZTE fails to dispute the sufficiency of Brazos's allegations and ZTE's argument that Brazos does not have exclusionary rights or past damages does not implicate subject matter jurisdiction, ZTE's 12(b)(1) motion to dismiss the case for lack of subject matter jurisdiction is procedurally defective and must be denied on this basis alone.  At best, ZTE *could* have filed a 12(b)(6) motion to dismiss.  But there is no reason for the Court to treat *sua sponte* ZTE's Motion as a 12(b)(6) motion because such motion would fail for the reasons in Section III.C, *infra*., especially since the Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004).

Further, because ZTE improperly relies on external evidence, including exhibits outside of the four corners of the relevant contracts, the Motion cannot simply be converted to a Rule 12(b)(6)

---

provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim[.]" *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (internal quotation marks and citation omitted).  ZTE has plainly failed to meet this strict standard.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

motion to dismiss.  Nor does Rule 12(d)[7] provide means for converting ZTE's Motion into one for summary judgment.

Even if the Motion is converted into a summary judgment motion, ZTE's still loses because there are many disputed issues of material fact arising from the external documents submitted by the parties ███████████████████████████████████████████████████████████

███████████████████████ *See N. Telecom Ltd. v. Samsung Elecs. Co., Ltd*., 215 F.3d 1281, 1286 (Fed. Cir. 2000) (citing Fed. R. Civ. P. 56(c)).

Accordingly, ZTE's Motion should be denied as procedurally defective.

**C.**   █████████████████████████████████████████████████
█████████████████████████████████

**1.**   ████████████████████████████████████████████████
████████████████████████████████████████

Even if the Court is inclined to treat the Motion as one under 12(b)(6), ZTE still loses because the record is clear ███████████████████████████████████████████

█████████████████████████ And ZTE's assertion that the relevant documents are "silent to the right to sue for past infringement" (Mot. at 19) is plainly false.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████.

---

[7] FRCP 12(d) authorizes the Court to convert only a "motion under Rule 12(b)(6) or 12(c)" into a Rule 56 motion for summary judgment.  As such, a 12(b) motion is not the proper vehicle for the adjudication of this issue.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL



And the binding New York law[9] makes it abundantly clear that contracts and their schedules/exhibits ██████████████████████████████ should be read together as one document for the purposes of contract interpretation. *See Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 572 (N.Y. 2002) (A contract should be "read as a whole to determine its purpose and intent.") (quoting *W.W.W. Assoc. v Giancontieri*, 77 N.Y.2d 157, 162 (N.Y. 1990)); *Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of N.Y.*, 727 N.E.2d 563, 566 (N.Y. 2000) (Courts should interpret an agreement "as a whole" and read the document "in its entirety" instead of focusing exclusively on the provision in question.); *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324-25 (1st Dep't 2007) (A contract should be "read as a whole, and every part will

---

8 ████████████████████████████████████████████
████████████████████████████

9 ████████████████████████████████████████████

16

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

be interpreted with reference to the whole [].") (quoting *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 N.Y.2d 352, 358 (N.Y. 2003)).

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████ *See Lipper Holdings, LLC v. Trident Holdings, LLC*, 1 A.D.3d 170, 171 (1st Dep't 2003) ("A contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties.") (internal citations omitted); *Nova Cas. v. Harleysville Worchester Ins. Co.*, 146 A.D.3d 428, 428 (1st Dep't 2017) ("We reject this interpretation, because it renders a portion of the contract meaningless and fails to read all contractual clauses together contextually."); *Cara Assocs., L.L.C. v. Milstein*, 140 A.D.3d 657, 658 (1st Dep't 2016) (A cardinal rule of construction is that "a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect.") (quoting *Corhill Corp. v S.D. Plants, Inc.*, 9 N.Y.2d 595, 599 (N.Y. 1961)).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ *See Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract [] the specific provision controls.").

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ First, the Federal Circuit already rejected this very argument, holding that an executed assignment pursuant to the express language of an agreement does not affect the conclusion that

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

the agreement itself assigned the referenced rights.  *See DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (rejecting the argument that an assignment was the operative document and reasoning that nothing in the assignment conflicted with the assignment provision in the agreement); *see also C.R. Daniels, Inc. v. Naztec Int'l Grp., LLC*, 2012 WL 1268623, at *15 (D. Md. Apr. 13, 2012) (*DDB Technologies* "ma[kes] clear that the fact of a later execution or recordation of 'assignment' does not govern whether, based on a prior document, there was an earlier transfer of legal title."). ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███

██████████████████████████████████████████████████

██████████████████████████████████████████████████████ *See DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (contract that "agrees to and does hereby grant and assign" was an express assignment rather than a promise to assign in the future); *see also Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000) (contract providing that "[employee] hereby conveys, transfers and assigns to [employer]" was an express assignment rather than a promise to assign in the future).

██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

*See Kenyon & Kenyon LLP v. Sightsound Techs., LLC*, No. 650795/2014, 2021 WL 1856980, at *10 (Sup. Ct. N.Y. Cty. May 10, 2021) (Where extrinsic evidence is introduced to aid in construction, "sworn affidavits by both original parties to a contract ▬▬▬▬▬▬▬ and those parties' conduct after the contract was formed ▬▬▬▬▬▬▬ ] are significant evidence of the parties'

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

intent.") (quoting N.Y. Pattern Jury Instr.—Civil 4:1, Contracts—Elements); *see also Fed. Ins. Co. v. Ams. Ins. Co.*, 258 A.D.2d 39, 44-45 (1st Dep't 1999) ("[T]here could be no more compelling evidence of intent than the sworn testimony and affidavits of both parties to the contract.").

**2.**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

*See Gellman v. Telular Corp.,* 2010 WL 5173213, at *4 (E.D. Tex. Dec. 14, 2010) (contract contemplated assigning rights in "future inventions" and referenced only "a promise to make future assignments"); *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,* 583 F.3d 832, 841–42 (Fed. Cir. 2009), *aff'd,* 563 U.S. 776 (2011) (contract contained only "agree to assign" in the future language).

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Finally, ZTE admits that Schedules B1-B3 have been available on the USPTO's public website since 2017 (more than two years before the cases were filed in June 2020).  Mot. at 20; *see also* Table of Exhibits showing Patent Assignment History, *supra*.  Because ZTE has no legitimate excuse for its blatant failure to file a timely 12(b)(6) motion to dismiss Brazos's past damages claim and because a 12(b)(6) motion would only potentially exclude past damages (and not dispose of the case which is ZTE's goal here), ZTE instead strategically filed this Motion under 12(b)(1) claiming that the Court does not have subject matter jurisdiction.  But as demonstrated above, ZTE's subject matter jurisdiction argument is unfounded and nonsensical.  The Court should thus see through ZTE's gamesmanship and deny the Motion.

**D.** ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

In addition, Brazos had "more than negligible" other business activities unrelated to the assertion of patents, including helping companies unlock their patent portfolio value by efficiently employing patent assets to support debt financing as well as leveraging a technology platform for patent analysis to help private equity firms, investment bankers, and hedge fund managers develop data-driven structured financial products. *Id.*, ¶ 8.

Under New York law, "[w]ith limited exception, contractual provisions prohibiting assignments are treated as personal covenants," and "[a]n assignment that violates a personal covenant prohibiting assignments gives rise to an action for damages against the assignor, ***but is enforceable***." *BSC Assocs., LLC v. Leidos, Inc.*, 91 F. Supp. 3d 319, 323-24 (N.D.N.Y.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

2015) (quoting *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 268 (2d Cir. 1983)).  For an anti-assignment clause to deprive an assignee of its rights, the clause "must specifically use language to the effect that the assignee receives no rights from an improper assignment or that such assignment is void."  *Wheelabrator Techs. of N. Am., Inc. v. Fin. Sec. Assurance of Okla., Inc.*, No. 88 Civ. 7623 (LMM), 1990 WL 180552, at *3 (S.D.N.Y. Nov. 15, 1990).

**E.**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

**F.** **Brazos Is Not Withholding Any Discoverable Documents, And ZTE's Discovery Disputes Are Completely Irrelevant To This Motion And Have Been Repeatedly Denied By This Court**

ZTE's request for Rule 37(d) sanctions based on purported "withholding of production" (Mot. at 20-25) is baseless and must be denied.  As Brazos has informed ZTE and represented to the Court, Brazos is not withholding any discoverable documents.

Contrary to ZTE's assertion (Mot. at 23), Brazos produced all responsive and discoverable documents last year, and promptly supplemented and completed its production with amendments to the operating agreement once it was brought to Brazos's attention that those documents were inadvertently left out of previous productions.  As ZTE's motion makes it clear, Brazos responded to ZTE's Interrogatories 10 and 12 by identifying responsive documents by bates numbers pursuant to Rule 33(d).  Brazos believed these documents had already been produced and only realized that they were inadvertently omitted from previous productions by Brazos's previous counsel after-the-fact.  *See* ZTE's Ex. 29.  As Brazos has represented to the Court, Brazos's document production with respect to its corporate structure is complete.  Ex. P, 3/3/22 Hr'g Tr. at 12:2-15.

In its Motion, ZTE again requests documents (*e.g.*, loan and security agreements, financials, and prior witness transcripts, statements, or testimony) that this Court has previously denied several times.

- Ex. P, 3/3/22 Hr'g Tr. at 14:4-15:21 (denying ZTE's request for **financials** because Brazos would not be a party to the hypothetical negotiation);
- Dkt. 185 ("Defendant's request for a Court Order filed on the docket memorializing the December 6, 2021 email Court Order compelling Plaintiff's production of documents (1) responsive to ZTE's 70 Requests for Production, and (2) from sister WDTX cases is **DENIED**. The Court, having further reconsidered its December 6th email Order regarding the above, and it is now **DENIED**, including Defendant's request for the following categories of documents... Plaintiff's **financials**.");

- Dkt. 203 ("Plaintiff is not required to produce **internal financial statements** that are not filed with a governmental entity, nor is Plaintiff required to provide 30(b)(6) testimony regarding **internal financial statements** that are not filed with a governmental entity.");

- Ex. Q, 4/27/22 Email Order ("The Court considered the disputes in the April 26, 2022 chart.  The Court **DENIES** all of ZTE's requested relief."); Ex. R, 4/26/22 Discovery Dispute Chart ("Relief sought: Order Brazos to immediately supplement its production to include all discovery produced in any WSOU case—including its patent assignment **Loan Agreements (and associated security agreement documents**");

- *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Microsoft Corp.*, 6:20-cv-00454-ADA, Dkt. 104, 11/2/21 Order, p. 3 ("Microsoft's request to compel WSOU to produce the underlying **Loan Agreement and full Security Agreement** for both the BP Funding Trust and OT WSOU Terrier Holdings security interests is **DENIED**");

- Dkt. 204 (denying consolidated defendants' (including ZTE) request for production of **loan and security agreements** and concluding "[a]fter due consideration of the parties' briefs and arguments at the March 21, 2022 hearing, the Court **denied** the motions brought by Google in *Google LLC v. Terrier SSC, LLC,* 6:21-mc-1269, and *Google LLC v. BP Funding Trust,* 6:21-mc-1270");

- Dkt. 203 ("Based on the arguments raised at the hearing, based on Court's earlier rulings in this case, and based on the Court's rulings in other pending cases involving the same Plaintiff on similar discovery disputes, the Court hereby ORDERS the following… Defendant's request for 30(b)(6) testimony for the following topics is **DENIED**… No. 62 **Transcripts, witness statements, and video records of testimony** given in any proceedings by anyone Plaintiff expects to call as a witness in these actions.");

- *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Dell Inc., et al.*, 6:20-00473-ADA, 4/20/22 Order, Dkt. 183 ("Defendants' request to compel Plaintiff to produce **deposition transcripts and exhibits related to Plaintiff's witnesses' testimony and hearing transcripts** (from the similar cases involving the Other Action Defendants, as defined in Defendants' Requests for Production) in response to Request for Production Nos. 89 and 91 is **DENIED**.");

- Ex. S, *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. HPE* Discovery Dispute ("Relief Requested: HPE respectfully asks the Court to order WSOU to produce the **deposition transcripts and exhibits for any depositions of WSOU's fact witnesses** (officers, employees, contractors or other individuals associated with WSOU) that have occurred in the other cases in which WSOU has asserted patent infringement against companies other than HPE.");

- Ex. T, 3/7/22 Email Order ("The Court does not find that a hearing is necessary. After review of the parties' positions regarding the instant dispute, the Court **DENIES** HPE's request for the Court to order WSOU to produce the **deposition transcripts and exhibits for any depositions of WSOU's fact witnesses** that have occurred in the other cases in which WSOU has asserted patent infringement against companies other than HPE."); and

- Ex. U, 6/21/22 Hr'g Tr. at 24:12-18 ("I'm going to **deny** the request for the **loan and security agreements**.  I don't think anything has changed for this case since the prior rulings by the

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Court and especially [] in light of the Court's ruling back in March denying a lot of these materials. And the rulings in the Google cases, I'm going to stay with those and we're going to deny the defendant's request on that.").

As such, and no less than **eleven (11) times**, the Court repeatedly denied ZTE's requested relief. The Court should see ZTE's absurd accusations and yet again, deny ZTE's request.

> **G.    Because The Court Warned That ZTE Would Be Sanctioned For Its Repeated Discovery Requests But ZTE Nevertheless Requested The Same Documents In The Baseless Motion, Brazos Is Entitled To All Attorney's Fees And Costs Incurred In Opposing The Motion**

ZTE should be sanctioned for acting in bad faith, repeatedly harassing Brazos with the same previously-denied discovery requests, and unnecessarily raising the cost of litigation. Indeed, this Court has already found that ZTE's excessive motion practice and discovery misconduct may lead to sanctions against ZTE:

- Ex. U. 6/21/22 Hr'g Tr. at 26:2-11 ("Okay. What I'm going to do, and I'll tell you that when ZTE leads off with the December 6th email that has been explicitly overruled in a March 11th order, it does raise questions about a party's motive in bringing this discovery dispute. However, I am very reluctant to award costs and fees. And so as of today, I'm going to deny the request for cost and fees. But we'll say **I'm nonplused by the approach. And we'll consider it if we have to address these issues again in the future**;

- Ex. V, 6/28/22 email to Court enclosing agreed proposed order regarding June 21 Discovery Hearing) ("Plaintiff's request for costs and fees is DENIED WITHOUT PREJUDICE. The Court is reluctant to award costs and fees at this time, but **will consider them in the future should either party re-raise previously adjudicated disputes**."); and

- *WSOU v. ZTE*, Case No. 6:22-cv-00136-ADA, Dkt. 25 ("The parties filed multiple motions in this case disputing the adequacy of service and **wastefully raised the cost of litigation**. The Court reminds the parties that service costs are taxable against the losing party… If WSOU prevails, then the Court will be strongly inclined to deem **ZTE's actions in this case "exceptional" under 35 U.S.C. § 285** because ZTE's insistence for Hague service in this case stands out from its waiver of service in the 11 other pending cases, especially in combination with the excessive motion practice to date. So, if WSOU prevails, the Court will be **inclined to award fees** from the beginning of the case up through the completion of service, absent a similar waiver in this case.").

Further, in the Northern District of Texas action (which has been dismissed), ZTE moved to quash a subpoena to its subsidiaries *after* this Court expressly stated, and actually encouraged, Brazos to pursue such subpoenas, further increasing the cost of litigation:

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

- Ex. W, 5/12/22 Hr'g Tr. at 20:18-21:6 ("THE COURT: …I see no reason why you should be prohibited or barred from issuing a Rule 45 subpoena for documents and information from ZTE USA. I think the Court and the parties have the ability as officers of the court under Rule 45 to issue those subpoenas. That's my belief. **So if you issue them and are met with a motion to quash, then that, you know, you can cite to this part of the record if you wind up in another court. Or I know we've seen it in other cases where those issues sometimes get transferred back to this court for resolution.** So that's my decision on that is I'm going to deny, like I said, the request for ZTE USA's documents without prejudice and **suggest you try the subpoena route**.");

- Dkt. 222 ("Plaintiff's request to compel Defendant to produce damages documents from Defendant's wholly-owned subsidiary ZTE (USA), Inc. ("ZTE USA") is denied without prejudice. **Plaintiff is encouraged to pursue a Rule 45 subpoena to seek discovery from ZTE USA, which may properly issue by this Court**."); and

- *ZTE (USA), Inc. v. WSOU Investments, LLC d/b/a/ Brazos Licensing and Development*, Case No. 3:21-cv-02128-E, Dkt. 50 (N.D. Tex.) (ZTE's Motion to Quash Rule 45 Subpoenas).

As such, Brazos respectfully moves the Court to consider awarding Brazos the attorney's fees and costs incurred in opposing the baseless Motion and responding to the same discovery requests that the Court denied repeatedly.

## IV.   CONCLUSION

For the foregoing reasons, the Court should: (i) deny ZTE's meritless, procedurally defective, and frivolous Motion; and (ii) award Brazos attorney's fees and costs incurred in opposing the Motion.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

Dated: August 8, 2022                    RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY
PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

31

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
FILED UNDER SEAL

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served or delivered electronically to all counsel of record on this 8th day of August, 2022, via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop