# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | **Civil Action No. 6:20-00487-ADA** |
| | § | **Civil Action No. 6:20-00488-ADA** |
| **WSOU INVESTMENTS, LLC D/B/A** | § | **Civil Action No. 6:20-00489-ADA** |
| **BRAZOS LICENSING AND** | § | **Civil Action No. 6:20-00490-ADA** |
| **DEVELOPMENT,** | § | **Civil Action No. 6:20-00491-ADA** |
| | § | **Civil Action No. 6:20-00493-ADA** |
| *Plaintiff,* | § | **Civil Action No. 6:20-00494-ADA** |
| | § | **Civil Action No. 6:20-00495-ADA** |
| **v.** | § | **Civil Action No. 6:20-00496-ADA** |
| | § | **Civil Action No. 6:20-00497-ADA** |
| **ZTE CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | **PUBLIC VERSION** |
| | § | |
| | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS
## FINAL INFRINGEMENT CONTENTIONS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 2

III.   ARGUMENT .......................................................................................................... 5

      A.     Legal Standard ............................................................................................. 5

      B.     Brazos Should Be Granted Leave To Amend Its Final Infringement
            Contentions. .................................................................................................. 7

IV.   CONCLUSION...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
    No. 222CV00126JRGRSP, 2022 WL 2056188 (E.D. Tex. June 7, 2022) ...............................6

*AS Am., Inc. v. Masco Corp. of Ind.*,
    No. CIV. 13-05 ...............................................................................................................9

*CUPP Cybersecurity LLC v. Trend Micro, Inc.*,
    No. 3:18-CV-1251-M, 2021 WL 3733014 (N.D. Tex. Jan. 12, 2021) ....................................6

*Finjan, Inc. v. Symantec Corp.*,
    No. 14-CV-02998-HSG(JSC), 2017 WL 4025219 (N.D. Cal. Sept. 13, 2017)......................7

*GREE, Inc. v. Supercell Oy*,
    No. 219CV00310JRGRSP, 2020 WL 7396506 (E.D. Tex. Dec. 17, 2020) ...........................9

*Kinetic Concepts, Inc. v. BlueSky Med. Corp.*,
    No. SA-08-CV-102-RF, 2009 WL 10664413 (W.D. Tex. Dec. 21, 2009)............................6

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
    No. 206 CV 272, 2008 WL 1930299 (E.D. Tex. Apr. 30, 2008) ............................................7

*Mediostream, Inc. v. Microsoft Corp.*,
    No. 208CV369CE, 2010 WL 4118589 (E.D. Tex. Oct. 18, 2010).........................................7

*Nidec Corp. v. LG Innotek Co.*,
    No. 6:07CV108-LED-JDL, 2009 WL 3673253 (E.D. Tex. Sept. 2, 2009) ............................7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006).............................................................................................6

*TiVo, Inc. v. Verizon Commc'ns, Inc.*,
    No. 2:09-CV-257-JRG, 2012 WL 2036313 (E.D. Tex. June 6, 2012) ....................................9

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos")[1] hereby moves for leave to amend its Final Infringement Contentions ("FICs"), pursuant to the Court's Standing Order.[2]

## I.   INTRODUCTION

Brazos, having timely served its Final Infringement Contentions in July 2021, now seeks to serve amended Final Infringement Contentions adding details regarding source code as well as specific accused products identified during discovery.[3] This motion is necessary because defendant ZTE Corporation's ("ZTE") intransigence and outright violations of its discovery obligations in this case have prevented Brazos from developing a clear understanding of the full range of ZTE's infringing products.

Throughout this case, Brazos has been forced to make do with very little document productions ZTE has deigned to produce, obtaining minimal information after multiple requests, meet and confers, and Court orders.  For instance, Brazos only accessed source code in April 2022, and has yet to receive non-public technical documents.  As a result of ZTE's extreme delays, Brazos's Final Infringement Contentions, filed before any source code review and without the benefit of technical documents, could not include all relevant and necessary information – including the identification of many infringing products and excerpts from relevant source code, only produced in the last few months.

---

[1] Capitalized terms used but not defined shall have the meanings ascribed to them in the Complaint.

[2] Submitted herewith and relied upon is the Declaration of Jonathan K. Waldrop, dated October 20, 2022 ("Waldrop Declaration" or "Waldrop Decl."). "Ex." refers to exhibits attached to the Waldrop Declaration.  All docket cites are to the 20-cv-00487-ADA case unless otherwise noted.

[3] Copies of Brazos's proposed First Amended Final Infringement Contentions are attached to the Waldrop Declaration as Exhibits 1-10.

Accordingly, Brazos now seeks leave to amend its Final Infringement Contentions and serve the First Amended Final Infringement Contentions ("First Amended FICs").  (Exs. 1-10.) Brazos has worked diligently to amend its Final Infringement Contentions, and the amendments are both highly important to Brazos and would not prejudice ZTE.

## II.   BACKGROUND

Brazos served its FICs on July 16, 2021.  (Ex. 11.)  The FICs were served without the benefit of any technical documents or source code for the accused products[4] – indeed, Brazos was given access to source code for the first time in April 2022, supplementing through August 2022, pursuant to the Court's June 7, 2022 order, which instructed ZTE to remediate its deficient source code production.  (Dkt. No. 232.)

Between April and May 2022, Brazos sought discovery from ZTE on products identified as reasonably similar to the Accused Products.  (Ex. 12 at 6-7; Ex. 13 at 5.)  .  On May 12, 2022, the Court held a hearing regarding various discovery disputes, including discovery regarding additional Accused Products (the "May 12 Hearing").  (Ex. 14.)  The Court granted Brazos's request for discovery (source code and documents) on the products specifically identified in the hearing as Exhibit C to Brazos's Dispute Chart (the "Ordered Similar Products"), finding that Brazos had sufficiently shown that these products were "reasonably similar" to those included in Brazos's FICs.  (May 12, 2022 Order, Dkt. 222 at ¶ 4; Ex. 14, Tr. at 34:3-21.)  The Court further indicated that it "will address additional reasonably similar products to the extent that they are identified by Plaintiff."  (Dkt. 222 at ¶ 4.)  The Court's order set a deadline of May 26, 2022 for service of ZTE's technical and source code productions.

---

[4] The FICs were also served well in advance of the March 3, 2022 claim construction hearing and the Markman order.  (Dkt. No. 181.)

As a result, while Brazos had developed the list of Ordered Similar Products after it received the first source code production from ZTE in April 2022 (Ex. 14, Tr. at 35:13-23), Brazos needed additional productions in order to identify the full range of infringing ZTE products. These productions did not come until mid-August 2022.

ZTE failed to comply with the May 12, 2022 Order. Instead, on May 23, 2022, mere days after the discovery hearing,[5] ZTE's counsel sent Brazos's counsel a letter, stating that the FICs were inadequate, going so far as to say that it was "troubling that—despite Brazos's numerous amendment opportunities—these deficiencies yet remain." (Ex. 15.) The letter claimed that allegations were overly broad and "untethered" to accused products, pointing to, among other things, the use of "generic marketing, screen shots, and public source code data dumps." (*Id.* at 2.) ZTE's May 23 letter wholly omitted the fact that Brazos was not given access to review (deficient) source code for the accused products until April 2022, approximately 8 months after serving the FICs, or that ZTE's production was woefully deficient as to non-public technical documents. Using the FICs as a sword and a shield, ZTE first argued that the FICs were overly broad and now objects to amendments rendered possible only after months of discovery disputes.

On May 26, 2022, the Court reiterated that ZTE must comply with its earlier order and provide discovery on the Ordered Similar Products, as discussed during the May 12 Hearing, no later than June 23, 2022. (May 26, 2022 Order, Dkt. No. 231 at 5.) On June 6, 2022, the Court ordered ZTE to supplement its source code production with regard to folders files and modules specifically identified by Brazos no later than June 21, 2022. (June 6, 2022 Order, Dkt. No. 232

---

[5] Notably, at the May 12 Hearing, Brazos's counsel pointed out that ZTE had never moved to strike the preliminary or the final infringement contentions, an observation which clearly triggered ZTE's counsel to make its untimely complaints regarding the sufficiency of the FICs, over 10 months after the FICs had been served. (Ex. 14, Tr. at 34:13-17.)

at 4.)  The Court noted that Brazos had not waived its right to raise source code deficiencies after close of fact discovery.

In early June, Brazos sent emails (Exs. 16-17) requesting that ZTE comply with the May 12, 2022 Order by no later than June 15, 2022, already more than two weeks after the date set by the Court.  On June 20, Brazos responded to ZTE's May 23 letter alleging deficiencies in the FICs, reiterating ZTE's obligations to supplement its productions and cure interrogatory response deficiencies pursuant to multiple orders of the Court.  (Ex. 18.)

It was only on July 11, 2022, long after the June 23 deadline, that ZTE made a supplemental production of approximately 1,800 documents.  (Ex. 19.)  Despite this supplemental production, ZTE failed to provide any technical documentation for more than half of the accused products, as Brazos stated in a letter dated August 26, 2022.  (Ex. 20.)  In early September, ZTE made another supplemental production of 380 documents.  (Ex. 21.)  The source code pertaining to the Ordered Similar Products was only made available in August 2022, nearly two months after the Court deadline of June 21.  Upon receipt of the second source code production, Brazos diligently reviewed it and confirmed, in part, that additional ZTE products likely infringe the asserted patents.

Even then, ZTE's production remains woefully inadequate.[6]  The overwhelming majority of documents it has produced are public, and ZTE has failed to provide core technical documents, including technical and functional specifications, product descriptions and requirements, architecture documents or hardware and software development guides.  Brazos estimates that 90% of the production, despite being designated "Attorneys Eyes Only" stems from public sources.  Out of the roughly 100,000 irrelevant pages produced, Brazos lacks ZTE-provided documents showing

---

[6] In fact, ZTE has yet to tender any witnesses in this case, despite the Court *ordering* ZTE to do so and Brazos's multiple requests that ZTE tender its witnesses.  (Dkt. 231, Ex. 22-26, September 19, 2022 Hearing Transcript, Ex. 27, at 50:15-20.)

how the Accused Products operate.  These significant deficiencies on the part of ZTE have made it extraordinarily time-consuming for Brazos to identify the full range of ZTE products infringing on Brazos' technology.[7]  (*Id*.)  As a result, after ZTE's latest September production, Brazos opted to use these same public sources instead of the discovery it expected to receive – but never did – in order to determine the scope of ZTE's products infringing on Brazos's technology.  (*Id*.)

On September 27, 2022, Brazos served its First Amended FICs.  (Ex. 28; Exs. 1-10.)  The First Amended FICs incorporated additional similar products, including the Ordered Similar Products identified by Brazos at the May 12 Hearing, as well as source code that had only been produced in April through August (in a severely deficient form).

ZTE responded to the First Amended FICs by letter dated September 29, 2022, in which it argued that Brazos's First Amended FICs were untimely and "raise[d] multiple new infringement theories."  (Ex. 29.)  ZTE claimed that the additional products identified in the First Amended FICs would require months or even a year of additional discovery and further delays for depositions of ZTE witnesses.

In light of ZTE's position, Brazos now submits this opposed motion seeking leave to amend its FICs.

## III.   ARGUMENT

### A.   Legal Standard

The Court's Standing Order Governing Proceedings (OGP) 4.2—Patent Cases (the "OGP") provides that after the deadline for serving final infringement contentions, "leave of Court

---

[7] Further complicating discovery matters in this issue, for months ZTE essentially imposed a unilateral stay on discovery pending decisions on its voluminous venue-related motion practice, even though the Court has declined to stay proceedings in this matter on multiple occasions.  (Dkt. Nos. 49, 156, 175; Ex. 30.)

is required for any amendment to infringement or invalidity contentions." (OGP at 14.) However, further amendment is clearly contemplated by the OGP, as it also provides that "[t]his deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions." (*Id.*)

While this Court has not adopted patent-specific local rules, sister courts in the Fifth Circuit operating under such rules generally require that parties seeking to amend contentions with leave of court show good cause. *See, e.g.*, *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 222CV00126JRGRSP, 2022 WL 2056188, at *1 (E.D. Tex. June 7, 2022); *CUPP Cybersecurity LLC v. Trend Micro, Inc.*, No. 3:18-CV-1251-M, 2021 WL 3733014, at *2 (N.D. Tex. Jan. 12, 2021); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (discussing "good cause" requirement to amend contentions under Northern District of California local patent rules).

In determining whether a party has shown good cause when seeking to amend contentions, courts consider four factors:

> (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.

*Kinetic Concepts, Inc. v. BlueSky Med. Corp.*, No. SA-08-CV-102-RF, 2009 WL 10664413, at *1 (W.D. Tex. Dec. 21, 2009) (quoting *Arbitron, Inc. v. Int'l Demographics, Inc.*, No. 2:06–CV–434, 2009 WL 166555, *1 (E.D. Tex. Jan. 16, 2009)). The first of these factors relates to the diligence of the party seeking leave to amend – "a party seeking to amend its infringement contentions must show that it 'acted with diligence in promptly moving to amend when new evidence is revealed in discovery.'" *Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG(JSC), 2017 WL 4025219, at *2 (N.D. Cal. Sept. 13, 2017) (quoting *O2 Micro*, 467 F.3d at 1363).

**B.     Brazos Should Be Granted Leave To Amend Its Final Infringement Contentions**

Brazos should be granted leave to amend its FICs.  As explained below, each of the factors considered by courts in determining whether to allow amendments to infringement contentions weighs in favor of allowing Brazos's amendments.  Accordingly, Brazos has made the required showing of good cause.

*First*, the reason that Brazos could not make the proposed amendments to its FICs by the original July 2021 deadline justifies amendment.  Document discovery had barely started as of that deadline, and even as of the date of this motion, ZTE's productions are severely deficient.  (*See supra* at 2-5.)  *See Mediostream, Inc. v. Microsoft Corp.*, No. 208CV369CE, 2010 WL 4118589, at *3 (E.D. Tex. Oct. 18, 2010) (plaintiff was diligent and could not have made amendments prior to receiving the source code repository); *Nidec Corp. v. LG Innotek Co.*, No. 6:07CV108-LED-JDL, 2009 WL 3673253, at *2 (E.D. Tex. Sept. 2, 2009) (granting motion to amend contentions after defendants delayed discovery regarding additional potentially infringing products); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 206 CV 272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008) (first factor favored amendment when plaintiff was denied access to discovery until only shortly before the deadline to amend).

ZTE's claim in its September 29 letter (Ex. 29) regarding what it calls Brazos's "extraordinary lack of diligence," pointing to the time that has elapsed since the deadline to serve FICs and claim construction, rings false in light of its own dilatory behavior and failures to comply with the Court's discovery orders regarding source code and technical documents in a timely manner.  (*See supra* at 2-4.)  ZTE took the position that discovery could not proceed while its many venue motions were pending, even though the Court rejected its multiple motions to stay proceedings.  (*See supra* at 5, fn 8.)  And ZTE even delayed raising **any** issues with the FICs until

May 2022 (Ex. 15), almost a year after they were served (and only after counsel for Brazos pointed out to the Court that ZTE had not identified any deficiencies in the FICs).[8]  (*See supra* at 3, fn 6.) This delay is suspect since ZTE can now point to the soon-approaching end of fact discovery as a basis for seeking to strike the FICs rather than simply requiring that any purported deficiencies be cured.

Additionally, the Court itself ordered discovery on additional ZTE products only this past May (and later ordered compliance with *that* order in June).  It makes no sense that the Court would find it appropriate or necessary to order additional discovery on infringing products, but prevent Brazos from actually pursuing its infringement claims against those products, and other similar products.[9]  ZTE's attempt to claim that Brazos has not been diligent when the Court only recently ordered discovery on many of the same products Brazos has added to the First Amended FICs erases the many months during which Brazos attempted, and failed, to obtain discovery on similar products from ZTE.

In short, Brazos has been more than reasonably diligent when considering the many obstacles ZTE has created during the discovery process.  This factor accordingly favors granting leave to amend.

**Second**, the amendments Brazos seeks to make to its FICs are highly significant.  The primary amendments to the FICs are the identification of additional infringing products and references to source code.  (*See, e.g.*, Ex. 1 at 1-2, 13, 17-18.)  Brazos has a strong factual basis

---

[8] On October 17, 2022, ZTE contacted Brazos regarding its intent to move to strike "any and all of WSOU's Infringement Contentions served after the Final Contention due date of July 16, 2021." This would include WSOU's FICs, which were served on July 17, 2021, and with which ZTE only raised any issues nearly a year later in May 2022.  (Ex. 31.)

[9] The Court expressly noted in the May 27 order that "the Court will address additional reasonably similar products to the extent they are identified by Plaintiff."  (Dkt. No. 222, ¶ 4.)

for its inclusion of the additional products, and if these products are not included in this litigation, it will likely need to file an additional suit to prevent continuing infringement of the asserted patents. *See GREE, Inc. v. Supercell Oy*, No. 219CV00310JRGRSP, 2020 WL 7396506, at *3 (E.D. Tex. Dec. 17, 2020) ("For the sake of judicial economy, it would be very advantageous to include the amended infringement contentions to avoid another suit."); *TiVo, Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-CV-257-JRG, 2012 WL 2036313, at *2 (E.D. Tex. June 6, 2012) (granting leave to amend to add product to contentions because "[w]ithout inclusion, the entire dispute between the parties will not be adjudicated and a subsequent lawsuit may be necessary.").

*Third*, the potential prejudice to ZTE if Brazos's proposed amendments are allowed is minimal to none. While ZTE claimed in its September 29 letter than the First Amended FICs would require months or even a year of additional fact discovery and document collection due to the newly identified devices, it ignores that ZTE purportedly produced documents relating to the already Ordered Similar Products (Exs. 19-21) in only a few months (albeit still after the Court-ordered deadline). That ZTE must do *some* additional work is not in and of itself prejudicial. *AS Am., Inc. v. Masco Corp. of Ind.*, No. CIV. 13-05 JBS/JS, 2013 WL 4084237, at *3 (D.N.J. Aug. 13, 2013) ("Although defendant's amendment may require some additional work on plaintiff's part, the additional work is not significant or vexatious."). And ZTE's statements about needing to extend the time to prepare ZTE witnesses for deposition (Ex. 29) are irrelevant because of the simple fact that ZTE has failed to provide *any* of its witnesses for deposition, despite the close of fact discovery in little more than two weeks, and continues to vehemently oppose such depositions, despite the Order of this Court to do so. (Dkt. 231, Ex. 22-26, September 19, 2022 Hearing Transcript, Ex. 27, at 50:15-20.) Considering ZTE's opposition, depositions will already almost certainly not take place within the time allotted by the current schedule.

In short, ZTE should not be heard to complain of prejudice when the delay in Brazos's service of the First Amended FICs (and any associated prejudice, which Brazos contends is minimal to nonexistent) is largely the result of ZTE's own conduct, and when ZTE's past (albeit delinquent) productions belie its claims about the impossibility of conducting discovery on the new products identified in the First Amended FICs.

*Fourth*, while the availability of a continuance to cure any purported prejudice to ZTE is questionable in light of the trial date in 2023, this factor nevertheless favors Brazos or is, at minimum, neutral.   As explained above, ZTE's document productions are, and have been throughout this entire litigation, severely deficient, untimely, or both.   Despite the close of fact discovery on November 1, ZTE still has many outstanding discovery obligations, not least of which is providing fact witnesses for deposition.   (*See supra* at 5, 10.)   To the extent the Court determines that the deadline must be moved because of these other outstanding discovery items, ZTE should simply be required to also make productions and disclosures in connection with additional products in the First Amended FICs at the same time it remedies its other deficiencies.

## IV.    CONCLUSION

For the foregoing reasons, Brazos's Motion for Leave to Amend Its Final Infringement Contentions should be granted.

Dated: October 20, 2022                     Respectfully submitted,


By: /s/ Jonathan K. Waldrop
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Chen Jia (CA Bar No. 281470)
    (Admitted in this District)
    cjia@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5171


    Paul G. Williams (GA Bar No. 764925)
    (Admitted in this District)
    pwilliams@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1230 Peachtree Street N.E., Suite 2445
    Atlanta, Georgia 30309
    Telephone: (404) 260-6080
    Facsimile: (404) 260-6081


    Charles A. Naggar (NY Bar No. 5356449)
    (Admitted *pro hac vice*)
    cnaggar@kasowitz.com
    Hershy Stern (NY Bar No. 4631024)
    (Admitted *pro hac vice*)
    hstern@kasowitz.com

Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Lea Dartevelle Erhel (NY Bar No. 5172101)
(Admitted *pro hac vice*)
ldartevelffle@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
Jessica C. Sutliff (NY Bar No. 2772150)
(Admitted *pro hac vice*)
jsutliff@kasowitz.com
Ryan A. Madden (NY Bar No. 5706080)
(Admitted *pro hac vice*)
rmadden@kasowitz.com
Shelley Ivan (NY Bar No. 4338067)
(Admitted *pro hac vice*)
sivan@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
**STECKLER WAYNE CHERRY &
LOVE PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY &
LOVE PLLC**
107 East Main Street
Henderson, Texas 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

*Attorneys for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff has conferred with counsel for Defendants regarding the relief requested in this motion.  Specifically, by email dated October 17, 2022, counsel for Plaintiff confirmed that it is opposed to this motion and requested relief.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing instrument and supporting materials was served or delivered electronically to all counsel of record on this 27th day of October, 2022, via the Court's CM/ECF system.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop